# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL THOLMER,<br><br>        Plaintiff,<br><br>    v.<br><br>J. YATES, et al.,<br><br>        Defendants. | CASE NO. 1:06CV-1592-AWI-DLB-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Charles Mauldin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 8, 2006 and was granted leave to proceed in forma pauperis on February 2, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8  consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
9  prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19    B.   Summary of Plaintiff's Complaint

20    The events at issue in this action allegedly occurred at Pleasant Valley State Prison, where
21 plaintiff was formerly incarcerated. Plaintiff names Warden James Yates, Captain Spearman,
22 Lieutenant Foreman, Sergeant McCoy and Officer Mendez as defendants. Plaintiff is seeking money
23 damages and declaratory relief.

24    In his complaint, plaintiff alleges that on May 1, 2006, he was given a rules violation report
25 for refusing a cellmate. A hearing was conducted on May 23, 2006 by defendant Foreman where
26 plaintiff was found guilty and assessed a 10 day management status and a 30 day credit forfeiture.
27 Plaintiff alleges there was insufficient evidence for defendant Foreman to find him guilty of the rules
28 violation. Plaintiff filed an administrative appeal which was denied. Plaintiff alleges that

1  defendants' actions violated his due process rights and his rights under the Eighth Amendment.

2                         1.        <u>Due Process Claim</u>

3       Plaintiff alleges a due process claim in conjunction with the issuance of the Rules Violation

4  Report and disciplinary hearing.  The Due Process Clause protects against the deprivation of liberty

5  without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to invoke the

6  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

7  for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself

8  or from state law.  <u>Wilkinson v. Austin</u>, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself

9  does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

10 <u>Wilkinson</u>, 125 S.Ct. at 2393; <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  Under state law, the

11 existence of a liberty interest created by prison regulations is determined by focusing on the nature

12 of the deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state

13 law are "generally limited to freedom from restraint which . . . imposes atypical and significant

14 hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515

15 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

16      Plaintiff has not alleged any facts supporting the existence of protected liberty interest.

17 Plaintiff does not have a protected liberty interest in remaining free from administrative segregation,

18 <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997), or in remaining at a particular prison, <u>Sandin</u>,

19 515 U.S. at 484; <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976).  Because plaintiff has not

20 identified a protected liberty interest at stake, he may not pursue a claim that he was deprived of

21 liberty without due process of law.

22      Further, plaintiff alleges that he lost time credits.  Inmates do have a liberty interest in the

23 loss of their time credits.  <u>Sandin</u>, 515 U.S. at 477-78 (citing with approval <u>Wolff</u>, 418 U.S. at 557

24 (state-created interest in shortened prison sentence is an interest of "real substance")).  However,

25 where "success in a . . . [section] 1983 damages action would implicitly question the validity of

26 conviction or duration of sentence, the litigant must first achieve favorable termination of his

27 available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."

28 <u>Muhammad v. Close</u>, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to <u>Heck v. Humphrey</u>,

512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing.

### 2.  Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128. With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff alleges that while on Management status, he was subjected to conditions which violated his rights under the Eighth Amendment including depriving him of blankets and clothing.

4

These allegations do not rise to the level of an Eighth Amendment violation. As noted, to constitute a claim under the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Plaintiff's allegations are not sufficient to meet this high standard.

### 3. Denial of Administrative Appeal

Plaintiff has named Warden Yates as a defendant based on his involvement in denying plaintiff's inmate appeals. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Accordingly, Warden Yates' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that Warden Yates violated his rights under federal law.

### C. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained

of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   October 2, 2007            /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE